## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

WAYNE McCLINTON                              CIVIL ACTION NO. 07-0587

VS.                                          SECTION P

WARDEN ALVIN JONES, ET AL.                   JUDGE JAMES

                                             MAGISTRATE JUDGE HAYES

### REPORT AND RECOMMENDATION

Before the court is a civil rights (42 U.S.C. §1983) complaint filed *in forma pauperis* on March 29, 2007, by *pro se* plaintiff Wayne McClinton. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety Corrections (LDOC). He is incarcerated at the East Carroll Detention Center (ECDC), Lake Providence, Louisiana, but complains that officials at the Riverbend Detention Center (RDC) failed to protect him and provide adequate medical care for injuries he sustained when a fellow inmate at RDC attacked him on March 7, 2007. He named RDC Warden Alvin Jones, Corrections Officer Dominique Thompson and inmate Patrick Penegar as defendants. He asks to be transferred to an LDOC facility and prays for an unspecified amount of compensatory damages for physical and mental pain and suffering.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

On March 7, 2007, plaintiff, an LDOC inmate, was a resident of B-Dorm at RDC. He was playing cards with a pre-trial detainee named Patrick Penegar. Plaintiff and Penegar had "words"

1

with one another.  Penegar said, "Let's squash it" then left the table.  A few minutes later he returned with a lock and approached plaintiff from behind.  Penegar struck plaintiff several times on the right side of plaintiff's face with the lock.  Plaintiff lost consciousness and fell to the floor. Inmate Eddie Williams intervened and prevented Penegar from repeatedly striking plaintiff once plaintiff had lost consciousness.  Inmate Thomas Sims came to plaintiff's assistance and stood over him until Lieutenant Russell and Sgt. Sonny arrived.

Their attempts to revive plaintiff proved unsuccessful; however, by the time Nurse Posey arrived, plaintiff was coherent.  He was placed in a wheelchair and examined.  Since his blood pressure was elevated, plaintiff was sent to Dr. Bailey, a physician, in nearby Lake Providence, Louisiana.

Dr. Bailey x-rayed plaintiff's jaw bone and examined his right ear.  Plaintiff was still bleeding and Dr. Bailey opined that plaintiff's eardrum was ruptured.  Plaintiff advised Dr. Bailey and Nurse Posey that he was dizzy and that his vision was blurred.  Dr. Bailey provided plaintiff with ear drops and returned him to RDC.

Plaintiff's continued complaints of dizziness and his repeated request to be returned to the hospital have been ignored.  The right side of plaintiff's face remained swollen for an unspecified period of time.

Corrections Officer Dominique Thompson claimed that he did not see Penegar attack plaintiff.

Plaintiff complains that the physician should have provided more treatment and some medication for plaintiff's pain. Plaintiff also contends that "... Patrick Penegar has a history of attacking people from behind [and] this is his 4th attack on an inmate." Plaintiff complains that Penegar, a pre-trial detainee, should not have been housed in the LDOC dorm. Finally, plaintiff contends that Warden Jones refused to speak to plaintiff about the incident; and that Assistant

Warden Shaw, who was present during the initial examination, "was not concerned about [plaintiff's] well being."

Sometime prior to May 30, 2007, plaintiff was transferred from RDC to the East Carroll Detention Center.

### Law and Analysis

#### 1. Initial Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint, and the exhibits submitted along with the complaint, provide a detailed description of the facts relied upon to support his specific theories of liability with respect to each of the defendants.  Therefore, further amendment of these pleadings would serve no useful purpose.  Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted.

### 2. Failure to Protect

The Eighth Amendment prohibits the imposition of cruel and unusual punishment.  Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care; in addition, they must take reasonable measures to guarantee the safety of the inmates in their custody.  See *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials." *Farmer*, 511 U.S. at 834.  When considering a claim regarding prison conditions, including claims that prison officials failed to protect an inmate-plaintiff, the court must consider "whether society considers the risk ... to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk."

*Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

To prevail on a failure to protect claim, the plaintiff-inmate must show that he was incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the his  health and safety.  *Id.*  The test for deliberate indifference is a subjective one.  Thus, "a prison official cannot be found liable under the Eighth Amendment ...unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id* . at 838-39.

In other words, it is only a prison official's deliberate indifference to a substantial risk of serious harm to an inmate that constitutes cruel and unusual punishment as prohibited by the Eighth Amendment. See *Helling v. McKinney*, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  To establish a failure to protect claim, a "prisoner must prove both that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials were deliberately indifferent to his need for protection." *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir.1995), citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

As shown above, plaintiff has pleaded all of the facts needed to make an Eighth Amendment analysis of his failure to protect claim.  Nevertheless, he has not shown that the defendant prison officials knew that he faced a substantial risk of serious harm from attack on the part of detainee Penegar. In fact, plaintiff himself foresaw no danger from Penegar even after their card game ended with a verbal argument and an implied threat.  Of course, plaintiff now

5

claims that Penegar "... has a history of attacking people from behind..."; however, he has not shown that the defendants were aware of this history.

Even had plaintiff made such a showing, he has not shown that the defendants drew such an inference and actively desired the harm that ultimately befell plaintiff.  To the contrary, plaintiff has shown that prison officials responded quickly once they were made aware of plaintiff's plight.  In short, having failed to show that the defendants were deliberately indifferent, plaintiff's failure to protect claim must be denied as frivolous.

### 3. Medical Care

Plaintiff's medical care claim also arises under the Eighth Amendment's prohibition against cruel and unusual punishment.  As with the failure to protect claim, in order to show an Eighth Amendment violation in this context, plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001).  Plaintiff has not made such a  showing.   Deliberate indifference in the context of the failure to provide reasonable medical care to a prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Id.* at 458-59.

"[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001).  Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105

F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of

deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292

(5th Cir.1997).

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context.

Plaintiff has not shown that the defendants were aware of facts from which an inference of

substantial risk of serious harm could be drawn; nor has he shown that they actually drew such an

inference; nor that their response to plaintiff's complaints indicated that they subjectively

intended that any harm occur to the plaintiff. *Thompson v. Upshur County, Texas*, 245 F.3d 447,

458-459 (5th Cir.2001).

Plaintiff was examined by Nurse Posey and then later by a physician. The plaintiff's

allegations of fact do not reveal that he was ever subject to a "substantial risk of serious harm."

Had plaintiff been in the "free world" it is unlikely that he would have received any more

attention as a result of the injury he sustained.

Further, whether or not the nurse, the physician, or any one else  "should have perceived"

a risk of harm to plaintiff, but did not, is of no moment since  "...the failure to alleviate a

significant risk that [the official] should have perceived, but did not is insufficient to show

deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756

(5th Cir.2001). "Deliberate indifference encompasses only unnecessary and wanton infliction of

pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th

Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).  Plaintiff's complaint,

taken as true, does not rise to this required level of indifference.

In short, plaintiff's claims concerning the denial of adequate medical care are frivolous

and dismissal on that basis is recommended.

*4. State Actor*

"In order to recover under §1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).

In order to prove the deprivation of a right protected by Constitution, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist*., 66 F.3d 1402, 1406 (5th Cir.1995). The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof  (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a "state actor." *Landry v. A-Able Bonding, Inc*., 75 F.3d 200, 203-04 (5th Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Plaintiff has named his fellow inmate, Patrick Penegar, as a defendant.  However, Penegar was not acting under color of state law when the assault occurred.  Plaintiff's claims against this defendant are frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE